IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KRISTEN LYNN MILLER,

    Plaintiff,

  v.

WASHINGTON MUTUAL BANK FA; JPMORGAN CHASE BANK NATIONAL ASSOCIATION; CALIFORNIA RECONVEYANCE COMPANY; and DOES 1–50, inclusive,

    Defendants.

No. C 10-05787 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

## INTRODUCTION

In this mortgage loan dispute, defendants move to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

Defendants Washington Mutual Bank, JPMorgan Chase Bank National Association, and California Reconveyance Company all participate in the mortgage servicing business. In March 2005, Plaintiff Kristen Lynn Miller acquired real property located at 5178 East Lakeshore Drive, San Ramon, with a mortgage loan of $640,000 that she obtained from Washington Mutual. The loan was secured by a deed of trust that identified California Reconveyance as the trustee.

1  Plaintiff alleges that the loan documents were not clearly explained to her before she signed them.
2  Specifically, she alleges that she was not informed of the correct interest rate, loan repayment
3  terms, or cost and fees for the loan. In 2010, California Reconveyance issued a notice of default
4  and a notice of trustee's sale for the property.

5  Defendants have submitted exhibits documenting the relationship among the parties,
6  requesting that judicial notice be taken of them. These documents include: (1) a deed of trust,
7  recorded with the Contra Costa County Recorder's Office on March 30, 2005 as document
8  number 2005-0107687-00; (2) a notice of default, recorded with the Contra Costa County
9  Recorder's Office on May 24, 2010 as document number 2010-0103213-00; (3) a notice of
10 trustee's sale, recorded with the Contra Costa County Recorder's Office on August 26, 2010 as
11 document number 2010-0179437-00; (4) the Purchase and Assumptions Agreement between the
12 FDIC and JPMorgan Chase, available at http://www.fdic.gov/about/freedom/
13 Washington_Mutual_P_and_A.pdf; (5) Exhibit 21 of Washington Mutual's Form 10-K, filed with
14 the SEC on February 29, 2008; and (6) Exhibit 21.1 of JPMorgan Chase's Form 10-K, filed with
15 the SEC on February 24, 2010. Plaintiff does not object. Because all these documents are
16 matters of public record, defendants' request for judicial notice is **GRANTED** pursuant to Federal
17 Rule of Evidence 201(b). From these documents, it is apparent that JPMorgan Chase purchased a
18 set of assets and liabilities from the FDIC in September 2008. These assets and liabilities
19 formerly belonged to Washington Mutual and were acquired by the FDIC as receiver when
20 Washington Mutual became insolvent.

21 Plaintiff originally filed this action in the Contra Costa County Superior Court, on
22 November 12, 2010. Plaintiff alleged six causes of action against all defendants:
23 (1) misrepresentation and fraud; (2) rescission and restitution of voidable cognovit note;
24 (3) injunction against wrongful foreclosure based on cognovit note; (4) quiet title; (5) unfair
25 business practices under California Business and Professions Code Section 17200; and
26 (6) violation of 18 U.S.C. 1962. JPMorgan Chase and California Reconveyance removed the
27 action. Defendants now move to dismiss the complaint under Federal Rule of Civil
28 Procedure 12(b)(6). This order follows full briefing and a hearing on the motion.

2

**ANALYSIS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that a defendant is liable for the misconduct alleged. *Ibid.* While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

Defendants advance several arguments as to why each claim should be dismissed. Each argument will be addressed in turn.

**A.   FIRST CLAIM: MISREPRESENTATION AND FRAUD.**

In her first claim, plaintiff alleges that when she signed the deed of trust, Washington Mutual concealed both the correct interest rate and the index for calculating interest rate adjustments. *First*, defendants argue that this claim is barred by the applicable statute of limitations. California Code of Civil Procedure Section 338(d) imposes a three-year statute of limitations on actions based upon fraud. Plaintiff executed the deed of trust securing the loan in March 2005. She did not file this action until November 12, 2010, over five years later.

When a plaintiff seeks relief on the ground of fraud or mistake, however, "[t]he cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." CAL. CIV. PROC. CODE § 338(d). Plaintiff alleged that Washington Mutual concealed both the correct interest rate and the index for calculating interest rate adjustments from plaintiff. As a result, "Plaintiff was not aware of Defendants' fraudulent representations until 2009 when it became increasingly difficult to keep up with the adjusted payments, and Plaintiff began to ask Defendants questions regarding what he [sic] believed to be the shifting terms of the agreement" (Compl. ¶ 38). The discovery rule applies, and plaintiff's first claim is not barred by the applicable statute of limitations.

3

*Second*, defendants argue that plaintiff's first claim should be dismissed because it is not pled with the particularity required by Federal Rule of Civil Procedure 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Pro. 9(b). "[W]here a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotations omitted).

Here, plaintiff has alleged enough facts to plead with particularity that Washington Mutual concealed from plaintiff the correct interest rate and the index for calculating interest rate adjustments when she signed the loan documents. In regards to JPMorgan Chase and California Reconveyance, plaintiff conclusorily alleges only that "Defendants CHASE and CRC, engaged in a pattern and practice of defrauding Plaintiff in that, during the entire life of the mortgage loan, Defendants, and each of them failed to properly credit payments made, incorrectly calculated interest on the accounts, and have failed to accurately debit fees" (Compl. ¶ 36). Plaintiff did not state her allegation against JPMorgan Chase and California Reconveyance with the required particularity.

Accordingly, defendants' motion to dismiss the first claim is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's first claim remains as to Washington Mutual, but is dismissed as to JPMorgan Chase and California Reconveyance.

**B.    SECOND CLAIM: RESCISSION AND RESTITUTION OF VOIDABLE COGNOVIT NOTE.**

In her second claim, plaintiff seeks rescission and restitution of the loan document, arguing that the document is void because it contains cognovit clauses. Defendants argue that this claim is barred by the applicable statute of limitations. Defendants are correct. As this issue is dispositive, defendants' alternative arguments in support of their motion to dismiss the second claim will not be addressed.

Plaintiff executed the deed of trust that included the alleged cognovit clauses in March 2005. She did not file this action until November 12, 2010, over five years later. Her

4

second claim is barred by California Code of Civil Procedure Section 337, which imposes a four-year statute of limitations on actions based upon a written contract.

Plaintiff argues that the discovery rule applies here because her rescission claim is based on "[t]he failure of Defendants, and each of them, to disclose the cognovit clauses, misrepresentation and lack of contractual consent in the alleged contract" (Compl. ¶ 45). It is true that "[w]here the ground for rescission [of a written contract] is fraud or mistake, the time does not begin to run until the discovery by the aggrieved party of the facts constituting the fraud or mistake." CAL. CIV. PROC. CODE § 337(3). Nevertheless, a plaintiff has

> a duty to exercise diligence to discover the facts. The rule is that the plaintiff must *plead and prove the facts* showing: (a) Lack of knowledge. (b) Lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date). (c) How and when he did actually discover the fraud or mistake. Under this rule constructive and presumed notice or knowledge are equivalent to knowledge. So, when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his investigation (such as public records or corporation books), the statute commences to run.

*Lee v. Escrow Consultants, Inc.*, 210 Cal. App. 3d 915, 920 (Cal. Ct. App. 1989) (internal quotations omitted). Plaintiff's attempt to invoke the discovery rule here fails. Because plaintiff signed the deed of trust containing the alleged cognovit clauses, she has not pled facts showing that she was unable to discover the existence of the cognovit clauses at an earlier date even had she exercised reasonable diligence. Defendants' motion to dismiss the second claim is therefore **GRANTED**.

C. **THIRD CLAIM: INJUNCTION AGAINST WRONGFUL FORECLOSURE BASED ON COGNOVIT NOTE.**

In her third cause of action, plaintiff brings a claim for wrongful foreclosure, alleging that defendants "have engaged in deceptive loan practices" in violation of (1) the Home Ownership and Equity Protection Act, 15 U.S.C. 1637; (2) the Truth In Lending Act, 15 U.S.C. 1601–67f; and (3) the Federal Trade Commission Act, 15 U.S.C. 41–58 (Compl. ¶ 52). Defendants argue that in order to successfully state a claim for wrongful foreclosure, plaintiff must tender the total amount she currently owes under the loan, which is $712,125.56. Defendants' argument is

5

meritless. The amount of debt relevant here is not the total amount still owed under the loan, but the amount by which plaintiff allegedly defaulted. *See* CAL. CIV. CODE § 2924c. Defendants' motion to dismiss the third claim is **DENIED**.

**D.    FOURTH CLAIM: QUIET TITLE.**

In her fourth claim, plaintiff "seeks a declaration that the title to the Subject Property is vested in Plaintiff alone to quiet title against the other claimants" (Compl. ¶ 72). Defendants argue that "Miller's claim fails as a matter of law because she has not tendered the amount due under the Loan" (Br. 9).

Tender is required to maintain an action to quiet title in California. *See Mix v. Sodd*, 126 Cal. App. 3d 386, 390 (Cal. Ct. App. 1981). Here, plaintiff has not alleged that she has offered to tender the amount of her unpaid debt. Accordingly, she has not successfully stated a claim for quiet title against defendants.

Plaintiff argues that the requirement that a mortgagor must pay the debt owed to quiet her title against the mortgagee is not universally applicable or mandatory. In support of this proposition, plaintiff cites several cases that she claims establish exceptions to this rule. *First,* plaintiff contends that tender "may be excused . . . if the beneficiary has lulled the trustor into not paying," citing *McCue v. Bradbury*, 149 Cal. 108 (Cal. 1906) (Opp. 7). This case is inapposite, as plaintiff has not alleged any facts that suggest that defendants "lulled" plaintiff into not paying the loan.

*Second*, plaintiff contends that "when the hearing on a preliminary injunction is the debtor's only presale means of obtaining a judicial determination of the amount due or whether any amount is due, a tender is also unnecessary," citing both *More v. Calkins*, 85 Cal. 177 (Cal. 1890), and *Stockton v. Newman*, 148 Cal. App. 2d 558 (Cal. Ct. App. 1957) (Opp. 8). Both of these cases are inapplicable. *More* stands for the proposition that "[a] [foreclosure] sale ought not to be made when the debt is uncertain or in dispute; and if made, it may be set aside." *More*, 85 Cal. at 188 (internal quotations omitted). Rather, if the debt is uncertain, "the creditor must file a bill to ascertain the amount, and pray for leave to sell to pay the amount found due."

6

*Ibid.* (internal quotations omitted).  Moreover, *Stockton* concerns whether a court may enjoin a foreclosure sale where the plaintiff can prevent the sale by making the payments due, but making such payments may be construed as an affirmance of the contract and prevent the plaintiff from being able to rescind it.  *Stockton*, 148 Cal. App. 2d at 563–64.  Neither of these cases concerns whether a mortgagor must offer tender in order to state a claim for quiet title.

*Third*, plaintiff argues that "the trial court has considerable discretion to impose conditions and 'accommodate the equities' in lieu of a strict and literal tender of performance before commencement of litigation," citing *Dickson, Carson & Campillo v. Pole*, 83 Cal. App. 4th 436, 446 (Cal. Ct. App. 2000) (Opp. 8).  *Pole* discusses the maxim that "One who seeks equity must do equity,"  which means that "a court will not grant equitable relief unless the plaintiff acknowledges or provides for the defendant's equitable rights arising from the same subject matter." *Id.* at 445–46.  This maxim is inapplicable here, as it concerns the obligation of the plaintiff, rather than the defendant, to do equity.  Accordingly, defendants' motion to dismiss the third claim is **GRANTED**.

### E.     FIFTH CLAIM:  UNFAIR BUSINESS PRACTICES.

In her fifth claim, plaintiff alleges that defendants engaged in fraudulent conduct, which included deceiving plaintiff during the loan process by failing to disclose the correct interest rate, information, variable nature of interest, and property value (Compl. ¶ 76).  *First*, defendants argue that this claim is barred by the applicable statute of limitations.  California Business and Professions Code Section 17208 imposes a four-year statute of limitations on actions based on unfair business practices.  Plaintiff executed the deed of trust securing the loan in March 2005.  She did not file this suit until November 12, 2010, over five years later.

On the other hand, "[t]he discovery rule provides that the accrual date of a cause of action is delayed until the plaintiff is aware of her injury and its negligent cause." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1109 (Cal. 1988).  Plaintiff alleges that defendants failed to disclose the correct interest rate, information, variable nature of interest, and property value in the deed of trust (Compl. ¶ 76).  She also alleges that defendants "misleadingly portrayed or implied that these loans were fixed rate loans, when Defendants knew that only the periodic payments were

7

fixed (for a time), but that interest rates were not, in fact, 'fixed'" (*id.* ¶ 77). Plaintiff argues that because of this, she was not aware that defendants caused her an injury until 2009. The discovery rule applies, and plaintiff's fifth claim is not barred by the applicable statute of limitations.

*Second*, defendants argue that plaintiff has not successfully stated a claim against JPMorgan Chase or California Reconveyance because her allegations "are directed toward WaMu's origination of her Loan, and not Chase or CRC" (Br. 9). Plaintiff responds that the complaint "includes numerous allegations of fraud occurring during CHASE'S servicing of the loan and *after* CHASE acquired the loan from WAMU" (Opp. 9). The only allegation concerning JPMorgan Chase's servicing of the loan is paragraph 36 of the complaint, which alleges, "Defendants CHASE and CRC, engaged in a pattern and practice of defrauding Plaintiff in that, during the entire life of the mortgage loan, Defendants, and each of them failed to properly credit payments made, incorrectly calculated interest on the accounts, and have failed to accurately debit fees." Plaintiff must state this allegation with particularity, as "Rule 9(b)'s heightened pleading standards apply to claims for violations of the . . . UCL." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Plaintiff did not state her allegation against JPMorgan Chase and California Reconveyance with the required particularity.

Accordingly, defendants' motion to dismiss the fifth claim is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's fifth claim remains as to Washington Mutual, but is dismissed as to JPMorgan Chase and California Reconveyance.

**F.    SIXTH CLAIM: VIOLATION OF 18 U.S.C. 1962(A) AND 1962(C).**

In her sixth claim, plaintiff alleges that defendants violated 18 U.S.C. 1962(a) and 1962(c). Defendants argue that this claim should be dismissed because the complaint fails to allege predicate acts with sufficient particularity to satisfy Federal Rule of Civil Procedure 9(b). Plaintiff's opposition brief does not address this argument. Defendants are correct. As this issue is dispositive, defendants' alternative arguments in support of their motion to dismiss the sixth claim will not be addressed.

Under Section 1962(a), it is illegal "for any person who has received any income derived . . . from a pattern of racketeering activity . . . to use or invest . . . any part of such

8

income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise." Under Section 1962(c), it is illegal "for any person employed by or associated with any enterprise . . . to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity." In order to successfully state a claim under either Section 1962(a) or 1962(c), a plaintiff must allege a pattern of racketeering activity. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1398 n.4 (9th Cir. 1986). A pattern requires at least two acts of racketeering activity. 18 U.S.C. 1961(5).

"Rule 9(b)'s requirement that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity applies to civil RICO fraud claims." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004) (internal quotations omitted). To avoid dismissal, a plaintiff must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Id.* at 1066 (internal quotation marks omitted).

In an effort to establish a pattern of racketeering activity, plaintiff alleges eight predicate acts: (1) mail fraud; (2) wire fraud; (3) conversion; (4) "deceit-misrepresentation"; (5) securities fraud; (6) "loss of profit opportunity"; (7) making false statements about the value of the collateral; and (8) stripping the originator of the ability to pay debt claims in bankruptcy court (Compl. ¶ 83). These allegations are grounded in fraud. Plaintiff, however, has not satisfied the particularity required by Rule 9(b), as she only conclusorily alleged these predicate acts. Accordingly, defendants' motion to dismiss the sixth claim is **GRANTED.**

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's first and fifth claims remain as to Washington Mutual. Plaintiff's first and fifth claims are dismissed as to JPMorgan Chase and California Reconveyance. Plaintiff's third claim remains in its entirety. Plaintiff's second, fourth, and sixth claims are dismissed in their entirety.

Plaintiff may seek leave to amend the complaint and will have **FOURTEEN CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day calendar, for leave to file an amended complaint. A proposed amended complaint must be

9

appended to the motion. In the proposed amended complaint, plaintiff should bring only colorable claims, and should give serious consideration as to which defendant(s) may be liable for each claim. The motion should clearly explain how the amendments to the complaint address the problems with plaintiff's claims identified in this order.

**IT IS SO ORDERED.**

Dated: March 8, 2011.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

10